UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| JIM NAVARRO,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>MR. DAVID EMERY,<br>MR. FRED GRANTHAM,<br>BLACK HILLS ENERGY,<br><br>　　　　　　Defendants. | CIV. 16-5033-JLV<br><br>ORDER |

**INTRODUCTION**

Plaintiff Jim Navarro filed a complaint against defendants alleging a violation of his constitutional rights. (Docket 1). Defendants filed a motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Docket 12). For the reasons stated below, defendants' motion to dismiss is granted.

**ANALYSIS**

Defendants assert five grounds for dismissal of plaintiff's complaint. (Docket 12). Those grounds are summarized as follows:

1.　Because there is no state action alleged, there is no claim under 42 U.S.C. § 1983;[1]

---

[1]Defendants' motion and briefs erroneously cite 28 U.S.C. § 1983. (Dockets 12, 17 & 21). Because defendants' briefs cite to case law addressing the applicability of 42 U.S.C. § 1983 to activities similar to those alleged in plaintiff's complaint, the court will examine plaintiff's complaint in light of this statute.

2. Because defendants are not a public entity, there is no claim under Title II of the Americans with Disabilities Act of 1990;

3. The complaint fails to state a claim under Title VI of the Civil Rights Act;

4. The complaint fails to state a claim under the Age Discrimination Act of 1975; and

5. There is no right of private action under 18 U.S.C. §§ 371, 1341 or 1343.

(Docket 12 at p. 1). Mr. Navarro resists defendants' motion. (Dockets 20 & 22).

Rule 12(b)(6) provides for dismissal if the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In evaluating the defendants' Rule 12(b)(6) motion, the court accepts as true all of the factual allegations contained in plaintiff's complaint and grants all reasonable inferences in favor of plaintiff as the nonmoving party. Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) ("a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' ") (citing Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). See also Crooks v. Lynch, 557 F.3d 846, 848 (8th Cir. 2009) (the court must review "a Rule 12(b)(6) motion to dismiss for failure to state a claim, accepting the facts alleged in the complaint as true and granting all reasonable inferences in favor of the plaintiff, the nonmoving party.") (brackets omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of

the elements of a cause of action will not do[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Iqbal, 556 U.S. at 679.

Because Mr. Navarro is proceeding *pro se,* his pleading must be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted).

The factual allegations are summarized as follows:

1. Mr. Navarro, an elderly person, had the electrical services to his residence disconnected without advance notice by Black Hills Energy;

2. Black Hills Energy initiated a new disconnection policy without notice;

3. Black Hills Energy made him pay a reconnect fee before reestablishing electrical service; and

4. The defendants did not take him at his word that he was telling the truth.

(Docket 1 at p. 4). These allegations of fact are accepted as true for purposes of Rule 12(b)(6) analysis. Braden, 588 F.3d at 594. Mr. Navarro seeks compensatory and punitive damages for his alleged pain and suffering and for the loss of the food in his freezer for the eight days he alleges being without electrical services. Id. at p. 5.

Each of defendants' arguments for dismissal will be separately addressed.

1.      SECTION 1983

Defendants seek dismissal of the § 1983 claim on the basis that the complaint fails to allege any state action or state actors. (Docket 13 at p. 3). Defendants assert the complaint acknowledges Black Hills Energy is a private company. Id. at p. 4. Thus, defendants argue that the action by a private entity and its employees do not "elevate the alleged conduct to the level of 'state action' for purposes of Section 1983." Id. Under case authority cited, the defendants contend "the absence of any state action justifies dismissal of any due process, equal protection and . . . section 1983 claims." Id. at p. 6 (referencing Jackson v. Metropolitan Edison Co., 419 U.S. 345 (1974), and Occhino v. Northwestern Bell Telephone Co., 675 F.2d 220 (8th Cir. 1982)).

Mr. Navarro's response does not specifically address the application of Jackson or Occhino and does not offer any legal authority in resistance to defendants' motion to dismiss.[2] (Docket 20). Rather, plaintiff's 23-page response principally makes derogatory and inappropriate comments against defense counsel and suggests defendants were fools for not accepting his offer of settlement. Id. The only additional factual statement made in Mr. Navarro's response is that he is a beneficiary of a program identified as "LEAP," which assists certain individuals with their home heating expense during the winter

---

[2]The court specifically ordered Mr. Navarro to file "a responsive brief containing specific points of law with authorities." (Docket 19 at p. 1) (referencing D.S.D. Civ. LR 7.1(B)).

4

months. Id. at pp. 3 and 16-17. Again, for purposes of this Rule 12(b)(6) analysis, the court will accept this statement as true. Braden, 588 F.3d at 594.

The Civil Rights Act provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983. "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of *state* law and made possible only because the wrongdoer is *clothed with the authority of state law.*' " Parker v. Boyer, 93 F.3d 445, 447-48 (8th Cir. 1996) (emphasis added) (quoting West v. Atkins, 487 U.S. 42, 49 (1988) (further citations omitted). "The injury complained of must have been caused by the exercise of some right or privilege created by the state, by a rule of conduct imposed by the state, or by a person for whom the state is responsible." Id. at 448. "Section 1983 does not confer subject matter jurisdiction. The statute simply provides a means through which a claimant may seek a remedy in federal court for a constitutional tort when one is aggrieved by the act of a person acting under color of state law." Jones v. United States, 16 F.3d 979, 981 (8th Cir. 1994).

5

Mr. Navarro's complaint does not allege the defendants were acting under color of state law. The court cannot infer from the complaint that the defendants were acting under color of state law. Braden, 588 F.3d at 594.

In Jackson, the plaintiff filed a civil rights claim under 42 U.S.C. § 1983 against the defendant seeking money damages and an injunction against the electrical utility company for terminating electrical service to her home without notice. Jackson, 419 U.S. at 347. The plaintiff argued she was entitled to advance notice of the potential termination of electrical service and "a hearing, and an opportunity to pay any amounts found due." Id. The Supreme Court acknowledged a private utility company is subject to state regulation but concluded disconnection of electrical services without notice "does not by itself convert its action into that of the State for purposes of the Fourteenth Amendment." Id. at 350. Being a state regulated business "do[es] not . . . convert [its] every action, absent more, into that of the State." Id. at 354. Plaintiff's § 1983 claim in Jackson failed as a matter of law. Id. at pp. 359-60.

The principle established in Jackson was adopted by the United States Court of Appeals for the Eighth Circuit in Occhino, 675. F.2d at 225. "Under the principles elaborated in Jackson, Northwestern did not act under color of state law in disconnecting Occhino's telephone. . . . Accordingly, the steps Northwestern Bell took in terminating Occhino's telephone service cannot be fairly treated as that of Minnesota itself." Id. "Having concluded that Northwestern Bell's actions in terminating Occhino's telephone service were not

6

effectuated under color of state law, it is clear that section 1983 is inapplicable to this case." Id.

Mr. Navarro has neither pled sufficient facts nor advanced a meritorious argument that his case is any different from those presented in Jackson and Occhino. Black Hills Energy and its employees were not acting under color of state law at the time of the termination of the electrical services to Mr. Navarro's residence. Mr. Navarro's complaint fails to state a viable § 1983 claim.

2. THE AMERICANS WITH DISABILITIES ACT

Defendants argue Mr. Navarro's complaint fails to state a claim under the Americans with Disabilities Act ("ADA"). (Docket 13 at p. 6). Defendants assert "Mr. Navarro did not alleged that he was a qualified individual with a disability or that his electrical service was disconnected 'by reason of a disability.'" Id. They also argue that Black Hills Energy is not a "public entity" under the ADA. Id. at p. 7 (referencing 42 U.S.C. § 12131(b)). "Because Mr. Navarro has not, and cannot, allege sufficient facts to support a conclusion that the Black Hills Defendants are 'creatures' of a state or municipality," the defendants contend "his claim under Title II of the ADA lacks 'facial plausibility,' and should be dismissed." Id. at p. 8 (referencing Green v. City of New York, 465 F.3d 65, 79 (2d Cir. 2006)).

"Title II of the ADA . . . prohibits qualified individuals with disabilities from being excluded from participation in or the benefits of the services, programs, or activities of a public entity." Randolph v. Rodgers, 170 F.3d 850,

857 (8th Cir. 1999) (citing 42 U.S.C. § 12131 et seq.). "A qualified individual with a disability is defined as any person who 'meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity.'" Id. (citing 42 U.S.C. § 12131(2)). "The term 'public entity' is defined as 'any department, agency, special purpose district, or other instrumentality of a State or States or local government.'" Id. (citing 42 U.S.C. § 12131(1)). "To state a prima facie claim under the ADA, a plaintiff must show: 1) he is a person with a disability as defined by statute; 2) he is otherwise qualified for the benefit in question; and 3) he was excluded from the benefit due to discrimination based upon disability." Id. at 858.

Mr. Navarro does not allege that he is an individual with a disability who qualifies for protection under the ADA. Nor does he allege that Black Hills Energy is an "instrumentality" of the state of South Dakota. See 42 U.S.C. § 12131(1). The complaint fails to state a viable claim under the Americans with Disabilities Act.

3. TITLE VI OF THE CIVIL RIGHTS ACT

Defendants submit the complaint fails to state a "viable claim under Title VI of the Civil Rights Act of 1964." (Docket 13 at p. 8) (bold omitted). First, defendants contend "Mr. Navarro has not alleged, any facts or identified any basis, which would indicate that he was 'excluded from' or 'denied the benefits of' a program or activity which receives any federal assistance and which was administered by the Black Hills Defendants." Id. at p. 9. Second, the

8

defendants contend Mr. Navarro was not subjected to "intentional discrimination. . . . Proof of a disparate impact does not provide a sufficient predicate for a Title VI claim." Id. at p. 10 (referencing Alexander v. Sandoval, 532 U.S. 275 (2001). Finally, the defendants argue "Mr. Navarro cannot state a claim against any of the named 'individuals' under Title VI." Id. (referencing GEOD Corp. v. New Jersey Transit Corp., 678 F. Supp. 2d 276 (D.N.J. 2009)).

Title VI of the Civil Rights Act of 1964 states "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. "Although Title VI does not mention a private right of action, the Supreme Court's decisions have found an *implied* right of action." Freeman v. Fahey, 374 F.3d 663, 666 (8th Cir. 2004) (emphasis in original) (referencing Barnes v. Gorman, 536 U.S. 181, 185 (2002) and Alexander, 532 U.S. at 279-80) (brackets omitted). "Title VI itself directly reaches only instances of intentional discrimination." Alexander, 532 U.S. at 281 (brackets omitted). "Proof of disparate impact is not sufficient." Mumid v. Abraham Lincoln High School, 618 F.3d 789, 794 (8th Cir. 2010) (referencing Alexander, 532 U.S. at 280-81).

The LEAP program identified by Mr. Navarro is conducted through the Colorado State Department of Revenue. (Docket 20 at p. 17). Mr. Navarro identifies no federal financial assistance program through which he receives

9

benefits and in which he was discriminated against on the basis of his race, color or national origin.

Mr. Navarro has not alleged he was denied access to the electrical services provided by Black Hills Energy on the basis of his race, color or national origin. If Mr. Navarro is a qualified individual under Title VI, which the court cannot presume, the policy of Black Hills Energy to disconnect electrical service to those who fail to pay their monthly bill would at most be a policy which causes a disparate impact and would not constitute proof of intentional discrimination on the basis of race, color or national origin.  Mumid, 618 F.3d at 794.  The complaint fails to state a viable Title VI claim.

4. THE AGE DISCRIMINATION ACT OF 1975

The defendants contend the complaint fails to state a claim under the Age Discrimination Act ("ADA").  (Docket 13 at p. 11).  They argue Mr. Navarro "has failed to allege any facts which would support a conclusion that he was 'excluded from participation in, [was] denied the benefits of, or [was] subject to discrimination under [a] program or activity receiving federal financial assistance due to his age."  Id. (referencing 42 U.S.C. § 3102).  Additionally, defendants assert Mr. Navarro failed to allege compliance with the administrative exhaustion requirement of the ADA.  Id. at p. 12 (referencing 42 U.S.C. § 6102(e)(2)).  Finally, defendants argue the ADA "does not create a private right of action for monetary damages."  Id. (referencing Tyrrell v. City of Scranton, 134 F. Supp. 2d

373, 383-384 (M.D. Penn. 2001) and Sheskey v. Madison Metropolitan School District, No. 12-CV-488, 2015 WL 881393 at *4 (W.D. Wis. Mar. 2, 2015)).

The ADA provides that "no person in the United States shall, on the basis of age, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under, any program or activity receiving Federal financial assistance." 42 U.S.C. § 6102. As a prerequisite to suit the ADA requires "notice by registered mail not less than 30 days prior to the commencement of that action to the Secretary of Health and Human Services, the Attorney General of the United States, and the person against whom the action is directed." 42 U.S.C. § 6104(e)(1). "The notice . . . shall state the nature of the alleged violation, the relief to be requested, the court in which the action will be brought, and whether or not attorney's fees are being demanded in the event that the plaintiff prevails." 42 U.S.C. § 6104(e)(2). "No action . . . shall be brought (A) if at the time the action is brought the same alleged violation by the same defendant is the subject of a pending action in any court of the United States; or (B) if administrative remedies have not been exhausted." Id.

As discussed above, Mr. Navarro identifies no federal financial assistance program in which he is a participant. Additionally, he alleges no facts showing that he was excluded from any program, was denied benefits or was discriminated against on the basis of age. Finally, the record does not contain sufficient facts to show that Mr. Navarro provided adequate notice of his intention to file suit under the ADA. See 42 U.S.C. § 6104(e)(1). After the

commencement of this lawsuit, Mr. Navarro sent a letter by telefax on December 6, 2016, to Loretta Lynch, then the Attorney General of the United States. (Docket 20 at p. 6). The single page, hand-written letter did not comply in any way with the notice requirements of § 6104(e)(2). The record is silent as to any effort by Mr. Navarro prior to the commencement of his lawsuit demonstrating that he attempted to comply with the administrative process which is a prerequisite to filing in district court. See 42 U.S.C. § 6104(e)(2). Mr. Navarro failed to satisfy the statutory requirements for bringing this lawsuit in federal court. The complaint fails to state a viable ADA claim.

5. 18 U.S.C. §§ 371, 1341 and 1343.

Defendants seek dismissal of that portion of plaintiff's complaint asserting claims pursuant 18 U.S.C. §§ 371, 1341 and 1343. (Docket 13 at p. 13). They contend that "[e]xcept where specifically provided by statute, there is no private cause of action arising from a criminal statute." Id. (referencing Wisdom v. First Midwest Bank, of Poplar Bluff, 167 F.3d 402,408-408 (8th Cir. 1999) (citing Thompson v. Thompson, 484 U.S. 174,179 (1988)).

The United States Court of Appeals for the Eighth Circuit specifically held there is no "private right of action in . . . either the mail fraud [18 U.S.C. § 1341] or wire fraud [18 U.S.C. § 1343] statutes." Wisdom, 167 F.3d at 408. This court previously concluded there is no private cause of action under 18 U.S.C. § 371, conspiracy to defraud the United States. See Lamont v. Haig, 539 F. Supp. 552, 558 (D.S.D. 1982) ("To the extent plaintiff's complaint purports to

state a cause of action under 18 U.S.C. § . . . 371 . . . it is dismissed."). Mr. Navarro's complaint fails to state a viable cause of action pursuant to 18 U.S.C. § 361, 1341 or 1343.

**ORDER**

Based on the above analysis, it is

ORDERED that defendants' motion to dismiss (Docket 12) is granted.

IT IS FURTHER ORDERED that plaintiff's complaint (Docket 1) is dismissed without prejudice.

Dated August 30, 2017.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE